Marshall A. TILLMAN, Plaintiff–
Appellant,

v.

Joseph D. JOHNSON, Defendant–
Appellee.

No. 07–3103.

United States Court of Appeals,
Tenth Circuit.

July 23, 2007.

Marshall A. Tillman, Kansas City, MO,
pro se.

Before BRISCOE, EBEL, and
McCONNELL, Circuit Judges.

**ORDER AND JUDGMENT**[*]

MICHAEL W. McCONNELL, Circuit
Judge.

Marshall A. Tillman, a state prisoner
proceeding *pro se*, appeals the dismissal of
his 42 U.S.C. § 1983 complaint for failure
to state a claim upon which relief may be
granted. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).
We affirm.

"To state a claim under section 1983, a
plaintiff must allege the violation of a right
secured by the Constitution and laws of
the United States, and must show that the
alleged deprivation was committed by a
person acting under color of state law."

*West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct.
2250, 101 L.Ed.2d 40 (1988); *Northington
v. Jackson,* 973 F.2d 1518, 1523 (10th Cir.
1992). Because Mr. Tillman is proceeding
*pro se* this Court accords a liberal con-
struction to his claim. *See Haines v. Ker-
ner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30
L.Ed.2d 652 (1972) (per curiam).

Mr. Tillman names his former criminal
defense attorney Mr. Johnson as the sole
defendant in this action. Mr. Tillman ac-
cuses Mr. Johnson of violating his right to
a speedy trial, lying to him about various
aspects of the proceedings, and providing
ineffective assistance.

The purpose of 42 U.S.C. § 1983 is "to
protect the people from unconstitutional
action under color of state law, 'whether
that action be executive, legislative, or ju-
dicial.' " *Mitchum v. Foster,* 407 U.S. 225,
242, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972)
(citing *Ex Parte Virginia,* 100 U.S. 339,
346, 25 L.Ed. 676 (1879)). Private actors
do not fall under this umbrella. Because
counsel for a defendant is acting in the
interest of his *client*—rather than the
state—"[t]he conduct of an attorney acting
in his professional capacity while repre-
senting his client does not constitute action
under color of state law for the purposes of
§ 1983." *Beedle v. Wilson,* 422 F.3d 1059,
1073 (10th Cir.2005) (internal quotation
marks omitted). We therefore agree with
the district court that Mr. Tillman has
filed a claim which fails to state a claim
upon which relief may be granted.

---

[*] After examining the briefs and appellate rec-
ord, this panel has determined unanimously

that oral argument would not materially assist
in the determination of this appeal. *See* Fed.
R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). This
case is therefore submitted without oral argu-
ment. This order and judgment is not bind-
ing precedent, except under the doctrines of
law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R.App.
P. 32.1 and 10th Cir. R. 32.1.

814

The judgment of the United States District Court for the District of Kansas is **AFFIRMED.**